UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMIL SAUL BELLO GUAURA,

Petitioner,

v.

WARDEN,

Respondent.

No.  2:26-cv-01124-DAD-AC (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On March 26, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* and motion for temporary restraining order.  (Doc. Nos. 1, 2.)  On the same day, the court issued an order directing respondent to file an opposition in which they indicate whether this case is substantively distinguishable from that addressed in the court's prior order in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025).  (Doc. No. 4.)

On March 30, 2026, respondent filed an opposition in which they concede that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order."  (Doc. No. 6 at 1.)  Respondents nonetheless argue that petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(1).  (*Id.*)  Respondent has further indicated that they do not oppose converting the motion for temporary

1

restraining order into a motion for preliminary injunction and go on to "respectfully suggests that if the Court is inclined to grant a preliminary injunction, judicial economy counsels that the Court should go further and enter a final judgment granting habeas corpus on the merits." (*Id.*)

Petitioner is a native and citizen of Venezuela. (Doc. No. 1 at ¶ 1.) On December 17, 2023, petitioner entered the United States, was briefly apprehended by immigration officials, and released into the country on his own recognizance on December 19, 2023. (*Id.* at ¶¶ 3–4.) On February 16, 2026, petitioner was arrested by local law enforcement for driving without a license and transferred into immigration custody. (*Id.* at ¶ 8.) Petitioner contends that he has never violated the conditions of his release or evaded immigration authorities. (*Id.* at ¶ 6.)

Having considered the circumstances surrounding petitioner's detention and the parties' arguments, the court incorporates the reasoning set out in the court's prior order *Cajina* and concludes that petitioner's detention violates due process. The court further concludes that the appropriate remedy in this case is petitioner's immediate release from respondent's custody. *See Che v. Warden*, No. 2:26-cv-00770-DAD-JDP, 2026 WL 688846, at *1–2 (E.D. Cal. Mar. 11, 2026) (ordering the petitioner's release under nearly identical circumstances).

For the reasons explained above,

1.      Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a.      Respondent is ORDERED to immediately release petitioner from respondent's custody;

   b.      Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a hearing before an immigration judge where respondent will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence.

2.      Petitioner's motion for temporary restraining order (Doc. No. 2) is denied as having been rendered moot by this order granting habeas relief on the merits;

/////

2

3.      The Clerk of the Court is directed to serve the California City Detention facility where petitioner is currently detained with a copy of this Order; and

4.      The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 1, 2026**                         
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3